IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**LETHA P. JENNINGS**

        **Plaintiff,**  No.: _____

**v.**

**FEDERAL EXPRESS CORPORATION**

        **Defendant.**

## COMPLAINT

PLAINTIFF, Letha P. Jennings, brings this action against the Defendant, and states as follows:

## I. JURISDICTION & VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue also lies in this Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff Letha Jennings is an adult resident of the State of Tennessee. Plaintiff has been employed by Defendant as a trace representative since approximately 2010. Accordingly, Plaintiff has worked during both the two and three year statutes of limitation under the FLSA.

5. During her employment with Defendant, Plaintiff was a covered employee under the FLSA.

6. Defendant Federal Express Corporation (hereinafter "FedEx" or "Defendant") is a foreign corporation with its principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee, 38125. Defendant is an "employer" of Plaintiff within the meaning of the FLSA. See 29 U.S.C. § 203(d).

7. Defendant may be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929.

## IV. FACTUAL BASIS FOR SUIT

8. Plaintiff is an employee of Defendant. She has worked for Defendant since approximately 2010.

9. Plaintiff is compensated on an hourly basis and earns approximately $16.46 per hour.

10. During Plaintiff's employment with Defendant, she performed work in excess of forty (40) hours per week on a regular and repeated basis.

11. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

12. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

13. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate her at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

14. Defendant had a policy and practice of working Plaintiff "off the clock" to avoid paying

Plaintiff proper overtime compensation under the FLSA. As such, Plaintiff was regularly required to perform compensable work "off the clock."

15. As such, Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without proper overtime compensation.

16. Defendant knew that Plaintiff performed work that required overtime pay at one and one-half times her regular rate of pay. Plaintiff complained about not being paid for all hours worked to her supervisors.

17. Defendant acknowledged that Plaintiff was entitled to unpaid overtime compensation for time worked off the clock; however, Defendant refused to fully compensate Plaintiff for this time.

18. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result, Plaintiff has suffered lost wages.

19. Defendant's intentional failure to pay Plaintiff all of her overtime wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

20. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine his wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

### V. CAUSES OF ACTION

21. The allegations set forth in the preceding paragraphs are incorporated herein.

22. Plaintiff brings the following cause of action against Defendant: Willful violation of the Fair Labor Standards Act of 1938.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

1. A declaratory judgment that Defendant has violated the overtime wage provisions of the FLSA;

2. A declaratory judgment that Defendant's violation of the FLSA was willful.

3. Damages in the amount of Plaintiff's unpaid overtime compensation to be proven at trial.

4. Interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to Plaintiff pursuant to 29 U.S.C. § 216(b);

5. Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

6. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL MCWHERTER SCOTT & BOBBITT PLC**

*s/ Michael L. Russell*
Michael L. Russell (#20268)
Emily S. Emmons (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee  37067
Telephone:  615-354-1144
Email: mrussell@gilbertfirm.com
            eemmons@gilbertfirm.com

***ATTORNEYS FOR PLAINTIFF***